**5**
**WANGER JONES HELSLEY**
Riley C. Walter #91839
Kurt F. Vote #160496
265 E. River Park Circle, Suite 310
Fresno, CA 93720
Telephone: (559) 490-0949
Email: rwalter@wjhattorneys.com
         kvote@wjhattorneys.com

Attorneys for Madera Community Hospital, Debtor in Possession and Plaintiff

# IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
### FRESNO DIVISION

| | |
|---|---|
| In re | CASE NO. 23-10457 |
| MADERA COMMUNITY HOSPITAL, | Chapter 11 |
| Debtor in Possession. | |
| MADERA COMMUNITY HOSPITAL, | Adv. No.: _____ |
| Plaintiff, | **COMPLAINT FOR VIOLATION OF AUTOMATIC STAY AND FOR REINSTATEMENT OF MEDICARE PROVIDER AGREEMENTS PURSUANT TO 11 U.S.C. §§ 362(a) and 105(a); AND FOR DECLARATORY RELIEF PURSUANT TO 11 U.S.C. § 105(a)** |
| v. | |
| UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, and XAVIER BECERRA, in his official capacity as ACTING SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Defendants. | |

Plaintiff Madera Community Hospital ("Plaintiff") alleges as follows:

**JURISDICTION AND VENUE**

1. This adversary proceeding is one arising in the Chapter 11 bankruptcy case of Madera Community Hospital, Case No. 23-10457, now pending in this Court.

COMPLAINT FOR VIOLATION OF THE AUTOMATIC STAY  - 1 -

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157, 1334 and 11 U.S.C. §§ 105(a) and 362.

3. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1409(a) by virtue of the Chapter 11 case pending before this Court.

4. This Complaint initiates an adversary proceeding as contemplated by Rules 7001(1) and (9) of the Federal Rules of Bankruptcy Procedure.

5. This controversy is a "core proceeding" as that term is defined in 28 U.S.C. § 157(b)(2)(A) and (O).

## PARTIES

6. Plaintiff Madera Community Hospital is, and at all times mentioned herein was, the Chapter 11 debtor in bankruptcy case number 23-10457.

7. Plaintiff is informed and believes, and thereon alleges, that Defendant United States Department of Health and Human Services and Defendant Xavier Becerra, in his official capacity as Acting Secretary of Health and Human Services (together, the "Defendants") operate in the Eastern District of California.

## GENERAL ALLEGATIONS

8. Plaintiff owns an acute care hospital in Madera, California.

9. In 1974, Plaintiff entered into an agreement with the Defendants allowing Plaintiff to participate as a general hospital in the Medicare program, pursuant to which the Defendants assigned Plaintiff a Medicare Provider Number of 050568 ("Hospital Provider Number").

10. Beginning in 1992, Plaintiff opened and began operating three (3) hospital-based rural health clinics, one in Madera, California, one in Chowchilla, California, and one in Mendota, California. Separate agreements were entered into between Plaintiff and Defendants for each rural health clinic allowing for participation in the Medicare program, pursuant to which Defendants assigned Plaintiff the following Provider Numbers:

a. Medicare Provider Number 053990 was assigned to Plaintiff for use in association with the Madera rural health clinic (the "Madera RHC Provider Number");

b. Medicare Provider Number 058639 was assigned to Plaintiff for use in association with the Chowchilla rural health clinic (the "Chowchilla RHC Provider Number"); and

c. Medicare Provider Number 058715 was assigned to Plaintiff for use in association with the Mendota rural health clinic (the "Mendota RHC Provider Number");

11. The agreements between Plaintiff and Defendants pertaining to the Hospital Provider Number, the Mendota RHC Provider Number, the Chowchilla RHC Provider Number, and the Madera RHC Provider Number, are collectively referred to hereinafter as the "Medicare Provider Agreements."

12. Plaintiff filed a Chapter 11 bankruptcy petition on March 10, 2023. Plaintiff is the Debtor in the Chapter 11 bankruptcy proceeding.

13. The Medicare Provider Agreements are assets of the bankruptcy estate and are therefore subject to the provisions of 11 U.S.C. § 362.

14. On May 12, 2023, Plaintiff was notified by Defendants that the Mendota RHC Provider Number had been terminated by Defendants post-petition and in violation of the automatic stay.

15. On June 9, 2023, Plaintiff was notified by Defendants that the Hospital Provider Number had been terminated by Defendants post-petition and in violation of the automatic stay.

16. On June 9, 2023, Plaintiff was notified by Defendants that the Chowchilla RHC Provider Number had been terminated by Defendants post-petition and in violation of the automatic stay.

17. On June 9, 2023, Plaintiff was notified by Defendants that the Madera RHC Provider Number had been terminated by Defendants post-petition and in violation of the automatic stay.

18. Defendants' post-petition terminations of the Medicare Provider Agreements violated the automatic stay imposed pursuant to 11 U.S.C. § 362(a)(3).

**FIRST CLAIM FOR RELIEF**

**(Violation of Automatic Stay – Medicare Provider Agreements)**

19. Plaintiff repeats, realleges, and incorporates by reference Paragraphs 1 through 18, inclusive, as though they were fully set forth herein.

20. Upon the filing of the bankruptcy petition by Plaintiff on March 10, 2023, an automatic stay, applicable to all persons and entities, including (but not limited to) the Defendants, went into effect prohibiting any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate.

21. Plaintiff's Medicare Provider Agreements are property of the bankruptcy estate and were terminated in violation of the automatic stay.

22. Through the actions identified herein, Defendants have violated the provisions of 11 U.S.C. § 362 by terminating the Medicare Provider Agreements.

**SECOND CLAIM FOR RELIEF**

**(Declaratory Judgment pursuant to 11 U.S.C. § 105(a))**

23. Plaintiff repeats, realleges, and incorporates by reference Paragraphs 1 through 22, inclusive, as though they were fully set forth herein.

24. Plaintiff has set forth that Defendants have violated the automatic stay that went into force when the Plaintiff filed its bankruptcy petition. The Court has authority under 11 U.S.C. § 105(a) to issue any order, process or judgment that is necessary or appropriate to carry

COMPLAINT FOR VIOLATION OF THE AUTOMATIC STAY - 4 -

out the provisions of the title.

25.　　Plaintiff requests that the Bankruptcy Court issue a Declaratory Judgment that Defendants have violated the automatic stay provisions of 11 U.S.C. § 362 and that the actions taken, specifically the terminations of the Plaintiff's Medicare Provider Agreements, are void.

WHEREFORE, Plaintiff Madera Community Hospital prays for judgment as set forth below:

1.　　An Order directing Defendants to reinstate Plaintiff's Medicare Provider Agreements, *nunc pro tunc* to the dates of their termination;

2.　　A declaration that Defendants' post-petition terminations of Plaintiff's Medicare Provider Agreements constituted violations of the automatic stay imposed by 11 U.S.C. § 362(a)(3) and are therefore void;

3.　　For costs of suit incurred herein; and

4.　　For such and other further relief as this Court may deem just and proper.

Dated:  July  20, 2023　　　　　　　　　　　WANGER JONES HELSLEY

　　　　　　　　　　　　　　　　　　　　　*/s/ Riley C. Walter*
　　　　　　　　　　　　　　　　　　　　　Riley C. Walter
　　　　　　　　　　　　　　　　　　　　　Kurt F. Vote
　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff and Debtor
　　　　　　　　　　　　　　　　　　　　　Madera Community Hospital

R:\Client\10538-002\PLEADINGS\Adversary Proceedings\MCH v DHHS\Adv. Complaint.072023.gaa.docx